UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST CARPENTERS
HEALTH AND SECURITY TRUST,
et al.,

Plaintiffs,

v.

VERTICAL HORIZON SCAFFOLD,
INC.,

Defendant.

C22-0991 TSZ

ORDER

THIS MATTER comes before the Court on the motion of Plaintiffs Northwest Carpenters Health and Security Trust, Northwest Carpenters Retirement Trust, Northwest Carpenters Individual Account Pension Trust, and Northwest Carpenters Vacation Trust (collectively "Plaintiffs" or the "Trusts") for entry of default judgment against Defendant Vertical Horizon Scaffold, Inc., docket no. 13.  Having reviewed Plaintiffs' motion, the supporting documents, and the remainder of the record, the Court enters the following Order.

**<u>Discussion</u>**

On August 18, 2022, the Clerk of Court entered default against Defendant for failure to timely plead or otherwise defend in this action.  Order (docket no. 11).

ORDER - 1

Plaintiffs now request the following: (i) an order compelling Defendant to submit payroll and related business records as set forth in the applicable trust agreements for an audit; (ii) that the Court retain jurisdiction to enforce any subsequent audit report should Plaintiffs find discrepancies with Defendant's reporting of fringe benefit contributions; and (iii) an award of attorney's fees and costs.

Plaintiffs have alleged causes of action for breach of labor and trust agreements and a violation of the Employee Retirement Income Security Act ("ERISA"), Compl. at ¶¶ 4.1–4.6 (docket no. 1), and have properly established subject matter jurisdiction and venue in this Court, *id.* at ¶¶ 2.1–2.2. Due to Defendant's default, the Court accepts as true the well-pleaded facts in Plaintiff's complaint. *See LHF Prods., Inc. v. Holmes*, No. C16-551, 2018 WL 3742189, at *2 (W.D. Wash. Aug. 7, 2018) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). Here, Defendant executed a Compliance Agreement in which it agreed to make fringe benefit contributions to Plaintiffs and be bound by the written terms and conditions of their respective trust agreements. *Id.* at ¶¶ 3.1–3.6; Ex. 1 to Coty Decl. (docket no. 14). Plaintiffs' trust agreements require Defendant to comply with their request for payroll and related business records in the event of an audit. *Id.* at ¶¶ 3.7–3.10; Exs. 4–7 to Coty Decl. (docket no. 14).

By letter dated July 2, 2021, Plaintiffs' auditor notified Defendant that it was selected for a routine payroll examination and requested certain records to complete the review. Compl. at ¶ 3.12; Ex. 1 to Freeman Decl. (docket no. 15). The period for the payroll examination was from February 20, 2019, to present. Compl. at ¶ 3.12; Freeman

ORDER - 2

Decl. at ¶ 6 (docket no. 15).  Defendant responded to the auditor's letter by producing only some of the requested records.  Freeman Decl. at ¶ 7.  Defendant subsequently failed to produce all of the requested records, *id.*, and the matter was referred to Plaintiffs' Counsel, who made two written demands for the remaining records before commencing this action, Compl. at ¶¶ 3.13–3.16.[1]

The Court has authority to enter default judgment against Defendant based on the Clerk's entry of default, docket no. 11, and pursuant to Federal Rule of Civil Procedure 55.  The Court has been provided sufficient evidence to determine the amount of attorney's fees and costs claimed.  *See* Fed. R. Civ. P. 55(b)(2); Maxwell Decl. (docket no. 16).  Accordingly, the Court GRANTS Plaintiffs' motion for default judgment against Defendant Vertical Horizon Scaffold, Inc., docket no. 13.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiffs' motion for entry of default judgment against Defendant Vertical Horizon Scaffold, Inc., docket no. 13, is GRANTED.

(2) Within sixty (60) days of entry of Judgment in this matter, Defendant Vertical Horizon Scaffold, Inc. is ORDERED to provide for the period February 20, 2019, through October 31, 2022, the following documents to Plaintiffs' Counsel or Plaintiffs' auditor:  (i) payroll journals and compensation records indicating employee

---

[1] On October 24, 2022, Plaintiffs' Counsel sent Defendant an additional written demand for the remaining records.  Ex. 13 to Maxwell Decl. (docket no. 16).

ORDER - 3

name, job classification, and hours worked; (ii) contribution reporting forms and any worksheets available which were used to accumulate the hours reported to the Trusts; (iii) contribution reporting forms submitted to other trusts; (iv) quarterly payroll tax returns; (v) employer's copy of all W-2s issued, with W-3 transmittals; (vi) general ledger and federal income tax returns; (vii) employer's copy of any form 1099s issued, with 1096; (viii) cash disbursements records and journals; and (ix) workman's compensation reports.

(3)     The Court retains jurisdiction over this matter.  In the event Plaintiffs find discrepancies with Defendant's reporting of fringe benefit contributions in any subsequent audit, Plaintiffs shall promptly move to reopen the case and amend their complaint.

(4)     Plaintiffs are AWARDED attorney fees of $5,733.00 and costs of $506.00 pursuant to 29 § U.S.C. 1132(g) for a total current award of $6,239.00 in fees and costs.

(5)     The Clerk is directed to enter Judgment consistent with this Order, send a copy of the Judgment and this Order to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 14th day of December, 2022.

_____
Thomas S. Zilly
United States District Judge

ORDER - 4